TAYLOR vs. ILLINOIS PUBLIC AID COMMISSION.

THOMAS TAYLOR, Claimant, *vs.* ILLINOIS PUBLIC AID COMMIS-
SION, Respondent.

*Opinion filed September 14, 1943.*

ADVISORY OPINION BY MR. CHIEF JUSTICE DAMRON

From the above statement of facts we find that on the date of injury, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on such date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to respondent, and claim for compensation on account thereof was made within the time required by the provisions of Section 8 (d-1) of said Act.

Section 8, sub-section (a) of said Act provides:

"The employer shall provide the necessary first aid, medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury * * *."

The proof here shows that the following bills were incurred and are unpaid:

Graham Hospital, Canton, Illinois...........................$118.90
Dr. J. C. Simmons........................................... 150.00

The record further discloses that said bills are reasonable.

We therefore find that claimant is entitled to payment of said items under the provisions of the Workmen's Compensation Act, and we are of the opinion that the Commission is properly justified in recognizing and paying said claim in the sum of Two Hundred Sixty-eight Dollars and Ninety Cents ($268.90). No question of compensation is raised for temporary or permanent disability. Payment of the claim in the sum of Two Hundred Sixty-eight Dollars and Ninety Cents ($268.90) is recommended, same to be made by the Illinois Public Aid Commission out of any funds held by it and allocated for such purposes.